## Case No. 15,822.
### UNITED STATES v. MORTON.
#### [1 Lowell, 179.] 1

District Court, D. Massachusetts. Oct., 1867.

SHIPPING — PASSENGER REGULATIONS — LIABILITY OF MATE ACTING AS MASTER.

Under St. March 3, 1855, § 1 (10 Stat. 715), a mate who is appointed master at a foreign port, and leaves the port with intent to bring certain passengers to the United States, and does bring them, in excess of the number permitted by that statute, is liable to the fine imposed on masters, though the agreement with the passengers had been made by the former master, if the defendant had knowledge of the facts, and opportunity to annul the illegal contract before leaving the foreign port.

[Cited in U. S. v. Nicholson, 12 Fed. 524.]

Indictment under section 1 of the act of March 3, 1855 (10 Stat. 715). The case was, that the defendant [David H. Morton] was duly appointed master of an American vessel, in a port of the West Indies, on the death of the former master, and brought thence to the port of Boston certain passengers in excess of one to every two tons of the vessel. The evidence tended to show that the former master had made some oral agreement with the passengers, and that they were perhaps on board before the defendant's appointment. The judge ruled, that the defendant was not bound by the illegal agreement of the former master; but if he knew the number of passengers on board and had time and opportunity to correct the mistake or fault of his predecessor, and failed to do so, and left the port with intent to bring the passengers to the United States, and carried out that intent, he was liable.

J. F. Pickering, for defendant, moved for a new trial, on the ground that the defendant did not take the passengers on board, within the meaning of the law.

H. D. Hyde, Asst. Dist. Atty., for the United States.

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

LOWELL, District Judge. I am satisfied with the rule laid down at the trial. A construction of the statute which should hold the master responsible only for contracts made by him personally would annul it. In many cases, perhaps in most, the contract is made with the consignee or agent of the ship, and the passengers may come on board without the master's previous knowledge or assent. The statute requires him to see that its provisions are respected; and it must be held, that his permitting such passengers to remain on board is a taking on board. The mere physical fact of coming to the ship is not the material thing. They might come in one capacity as stevedores, &c., and remain in another. The phrase is used to explain the intent, as being something within the master's control, and to distinguish those cases where he has been deceived or misled without fault of his own.

The defendant being new to the office, and perhaps ill-informed of the law, no imprisonment is asked for; but the fine, which is a fixed sum, must be imposed. Motion denied.

## Case No. 15,823.
### UNITED STATES v. MOSELY.
#### [15 Int. Rev. Rec. 8.]

District Court, S. D. New York. 1871.

INTERNAL REVENUE—EJECTING DEPUTY INSPECTOR.

The defendant was indicted for obstructing and hindering a deputy collector in the exercise of the duties of his office. Mosely is a dealer in leaf tobacco and cigars, and the deputy called at his store to inquire respecting certain boxes of cigars taken in that day, May 16, 1871, some of which he was informed by the drayman were not stamped. After some conversation, in which the deputy stated his errand, not the least unfriendliness having been evinced on either side, Mosely, without warning, ejected the deputy forcibly into the street, the officer falling heavily in the gutter and suffering a fracture of the hip, which endangered his life, he being seventy-two years of age, and somewhat lame. The defence argued that the deputy having fulfilled his errand and stated that he was satisfied, had no more to do or say in the premises; Mosely had a right to eject him. THE COURT declared that officers must have free and peaceable egress as well as ingress to the places where they are authorized to make examinations, and that Mosely had no right to eject him in the manner he did.

The jury very promptly rendered a verdict against the defendant. A stay of sentence was granted, to allow argument on the law points raised.